IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MANUEL AYALA and**<br>**GERMAN GARCIA** | | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **SILVER SHIELD INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT – COLLECTIVE ACTION

TO THE HONORABLE COURT:

NOW COMES, Plaintiff MANUEL AYALA and GERMAN GARCIA, (hereinafter "Plaintiffs"), in the above entitled and numbered cause, and hereby files this Original Complaint, against SILVER SHIELD INC. (hereinafter referred to as "Defendant"). The causes of action and summary of claims relating thereto are addressed below:

### I.
### NATURE OF SUIT

1.     The Fair Labor Standards act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing requirements of 29 U.S.C. § 207 (a)).

2.      Defendant violated the FLSA by failing to pay Plaintiffs at time and one-half their regular rate of pay for all hours worked within a workweek in excess of forty hours.

3.      Plaintiff Manuel Ayala is a non-exempt employee who has been denied overtime compensation owed to him as required by the law.  Plaintiff filed this Complaint to recover unpaid overtime compensation owed to him.

4.      Plaintiff German Garcia is a non-exempt employee who has been denied overtime compensation owed to him as required by the law.  Plaintiff filed this Complaint to recover unpaid overtime compensation owed to him.

## II.
## PARTIES, JURISDICTION AND VENUE

5.      Plaintiff MANUEL AYALA is currently a citizen and resident of the County of El Paso, Texas.

6.      Plaintiff GERMAN GARCIA is currently a citizen and resident of the County of El Paso, Texas.

7.      Defendant, SILVER SHIELD, INC. is a Texas company doing business in El Paso County, Texas and may be served with process by serving its registered agent, Adriana E. Armendariz, at 7640 Warren Pkwy, Suite 100, Frisco, Texas 75034 or any authorized officer or agent of the company wherever he/she may be found.

8.      The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

9.      All of the acts alleged herein occurred in El Paso County, Texas.

## III.
## FACTUAL BACKGROUND

10.     On or about November 30, 2023, Defendant hired Plaintiff Manuel Ayala as an

Armed Security Guard.

11.     On or about March 6, 2024, Defendant hired Plaintiff German Garcia as an Armed Security Guard.

12.     During the time Plaintiffs were employed by Defendant, Mr. Ayala and Mr. Garcia worked additional hours on a weekly basis without compensation at the instruction of or with Defendant's knowledge.  Plaintiff Ayala and Garcia were required to work either "off the clock" or more than forty (40) hours in one week.  Defendant was aware that Plaintiff Ayala and Garcia were working "off the clock" and/or overtime yet did not pay all necessary extra wages for this effort.  During the same time period, Defendant required Plaintiffs to work through their lunch and for time required to remain at work unpaid. Plaintiff is entitled to an additional claim for overtime for hours spent working during his lunch break and unpaid work as a requirement of their job.

13.     Defendant knew that Plaintiff Ayala and Garcia were working before and/or after their shift and during their lunch break.

14.     Defendant did not adequately keep track of Plaintiff Ayala's and Garcia's work hours even though Plaintiffs Ayala and Garcia were a non-exempt employee for overtime purposes as outlined under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq* ("FLSA").

15.     Plaintiffs were regularly not paid for hours logged in or clocked in under Defendant's time record keeping system.

16.     Plaintiff Ayala's and Garcia's positions were not exempt from overtime under the FLSA.

17.     On or about August 28, 2024, Plaintiff Ayala was notified by his supervisor Susie Gomez that he was being terminated allegedly due to him being on his phone all the time.  Plaintiff asked Ms. Gomez if he was being let go because he was planning on suing the company for wages

owed and she stated that it was the reason.

18.    On or about May 23, 2024, Plaintiff resigned due to his concerns regarding the pay issues listed above being ignored by Defendant.

## IV.
## CAUSES OF ACTION

A.    FAIR LABOR STANDARDS ACT VIOLATIONS BY DEFENDANT

19.    Plaintiffs re-alleged and incorporate the allegations contained in Paragraphs 1 through 14 as if fully stated herein.

20.    Plaintiffs have satisfied all jurisdictional prerequisites in connection with their claim under the FLSA.

21.    Defendant is an "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

22.    Defendant is an "enterprise" within the meaning of 29 U.S.C. § 203(r), and an "[e]nterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA in 29 U.S.C. § 203(s)(1).

23.    While employed by Defendant, Plaintiffs were entitled to payment of one- and one-half times his regular rate of pay for all hours worked over forty hours in one week, as provided for under 29 U.S.C. § 207.

24.    Defendant failed to properly log Plaintiffs' work hours or pay for all overtime hours worked at a rate of one- and one-half times.  As a result, during the Plaintiffs' employment with Defendant, he worked numerous overtime hours for which he was not properly compensated.

25.    As a result of Defendant's violations of the FLSA, Plaintiffs have suffered actual damages in the form of lost wages, in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.

26.    Defendant committed a willful violation of the FLSA in that Defendant was aware

that its conduct and pay practices violated the Fair Labor Standards Act.

27.     Defendant failed to maintain accurate records of the hours worked of the Plaintiffs; thus, Defendant violated 29 U.S.C. § 211(c).

28.     As a result of these violations, Plaintiffs request that they be awarded all damages, to which they are entitled, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.  In addition, Plaintiffs request liquidated damages equal to the amount of reimbursable compensation described above.  Plaintiffs also request any additional equitable relief to which they are entitled.

## CAUSES OF ACTION FOR RETALIATORY DISCHARGE

29.     29 U.S.C. 215(a)(3) makes it unlawful to discharge or discriminate against any employee because that person has filed a complaint or instated or caused to be instituted any proceeding relating to the FLSA.

30.     Plaintiff Ayala had nothing brought to his attention that would warrant his termination.  However, soon after he complained to management about the unpaid overtime and/or working "off the clock", a hostile work environment existed for Plaintiff and eventually he was terminated.

31.     As a result of Defendant's violations, Plaintiff Ayala has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

32.     Because of Defendant's wrongful conduct, Plaintiff Ayala has suffered damages in excess of the minimum jurisdictional limits of this Court.  These damages include, but are not limited to, back pay, front pay, compensatory damages for mental anguish and emotional distress, all in the past and which will in all reasonable probability occur in the future.  Plaintiff Ayala asks

that the jury set the amount of their damages.

## V.
## DAMAGES

33.    Both Plaintiffs sue for actual damages proximately caused or otherwise produced by Defendant's conduct for overtime wages.

34.    During the period of the Plaintiffs' employment with Defendant, Plaintiffs worked greater than 40 hours per week because they would work off the clock before their shift and during their lunch.   The payment made to Plaintiffs did not take into account overtime compensation prescribed by law, in that the Plaintiffs were and are entitled payment in accordance with the Fair Labor Standards Act, Title 29, Sections 206 and 207 of the United States Code.   Therefore, the Plaintiffs seek judgment against Defendant.   In addition, Plaintiffs are entitled to recover an equal sum as liquidated damages.

35.    Plaintiffs' damages are within the court's jurisdictional limits.

## VI.
## ATTORNEY'S FEES

36.    It is necessary for the Plaintiffs to have the services of an attorney to institute and prosecute this action against Defendant.   The Plaintiffs are entitled to recover attorney's fees to compensate the Plaintiffs for attorney's fees, which is a reasonable charge for the services rendered in bringing this action.

## VII.
## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that Defendant be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendant as follows:

   a.    Judgment against Defendant for Plaintiffs' actual damages and mental anguish damages, both past and future, including lost wages and benefits (both back pay and front pay), amount to be determined;

b.      Compensation for all hours worked at a rate not less than the applicable minimum wage;

c.      Overtime and "off the clock" compensation for all unpaid hours worked in excess of forty hours at the rate of one- and one-half times their regular rate;

d.      All unpaid wages and overtime compensation;

e.      Judgment against Defendant for liquidated damages for the maximum amount allowed by law; including doubling of all back pay awarded

f.      Pre-judgment and post-judgment interest at the maximum amount allowed by law;

g.      Costs of suit, including reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

h.      Mental anguish damages only as to Plaintiff Ayala for his wrongful termination;

i.      The award of such and further relief, both at law and in equity, to which Plaintiffs may be justly entitled.

j.      An order that Defendant take such other and further actions as may be necessary to redress Defendant's violations of the FLSA;

k.      Pre-judgment and post-judgment interest at the maximum amount allowed by law.


                                Respectfully submitted,


                                **MARTINEZ & MARTINEZ LAW FIRM, PLLC**
                                *Attorneys for Plaintiffs*
                                2110 E. Yandell Dr.
                                El Paso, Texas 79903
                                (915) 541-1000
                                (915) 541-1002 (Facsimile)


                        By:     */s/ Raymond D. Martinez*
                                **RAYMOND D. MARTINEZ**
                                State Bar No. 24002537
                                raymond@martinezlawyers.com